IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROGER ORAL SMITH,

           Plaintiff,

vs.                               Case No. 19-3107-SAC

LESLIE INGALLS,

           Defendant.

**O R D E R**

This case is before the court upon defendant's motion to dismiss. Doc. No. 22.

In his amended complaint (Doc. No. 8 at p. 6), plaintiff alleges that, as an inmate at the Butler County Jail, he "was denied a proper diet from June 26, [20]18 to June 2, [20]19," that "over 25 trays within a two-week [period] were unfit to eat [and] meat was spoiled," and that he has "gone days [and] weeks without eating a lunch or dinner tray." Plaintiff alleges that he has lost over twenty pounds. He further alleges that defendant was told by doctors and prison personnel that plaintiff could not eat certain food but still made trays for plaintiff which ignored their guidance.

Defendant's motion to dismiss alleges that the amended complaint should be dismissed because plaintiff has not alleged

1

exhaustion of administrative remedies and because the amended complaint fails to state a claim.

<u>Administrative exhaustion</u>

The amended complaint uses a complaint form for § 1983 cases. Plaintiff has supplemented the form with one page of allegations and legal citations. The form states in part: "I have previously sought informal or formal relief from the appropriate administrative officials regarding the actions complained of." The form gives a plaintiff the option of checking boxes designated "yes" and "no." Plaintiff did not check either box in the amended complaint and made no further statement regarding administrative exhaustion. Defendant contends this is grounds for dismissing plaintiff's case. Plaintiff has responded by stating that he filed a "form 9" and grievance with the jail and that he repeatedly requested a different diet. Doc. No. 25, p. 1.

In <u>Lax v. Corizon Medical Staff</u>, 766 Fed.Appx. 626 (10th Cir. 2019), the plaintiff sued regarding events at the Shawnee County Jail. He left blank the same boxes regarding administrative exhaustion on a form complaint. The district court, <u>sua sponte</u>, dismissed the complaint for failing to show good cause why the case should not be dismissed for failure to exhaust administrative remedies. The Tenth Circuit reversed the dismissal noting that exhaustion is an affirmative defense and not a pleading requirement, and that silence on that issue in the complaint is

Case 5:19-cv-03107-JTM-TJJ   Document 26   Filed 07/16/20   Page 3 of 4

not grounds for dismissal. Id. at 628. The Circuit went on to state that the plaintiff in Lax did not bear the burden of proving the absence of an exhaustion affirmative defense. Id. (citing Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)). This court has relied on Lax to reject a similar administrative exhaustion argument raised in a motion to dismiss. See Williams v. Correct Care Solutions, 2019 WL 1585037 *2 n.1 (D.Kan. 4/12/2019). On the basis of this authority, the court rejects defendant's administrative exhaustion argument without prejudice.

### Failure to state a claim

When deciding whether a complaint should be dismissed for failure to state a claim, the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." Waller v. City & Cty. of Denver, 932 F.3d 1277, 1282 (10th Cir. 2019)(interior quotations omitted). "[M]ere labels and conclusions . . . will not suffice." Id. The court examines the complaint to determine whether "plaintiff pleads factual content that allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged." Id. The court's role is not to weigh potential evidence, but to assess whether the complaint alone is legally sufficient to state a claim for relief.

MacArthur v. San Juan County, 309 F.3d 1216, 1221 (10th Cir. 2002)(quotation omitted).

The court has examined the cases cited in defendant's motion and finds that they are distinguishable from the facts alleged in the amended complaint, mainly because they involve isolated incidents. The court also finds that the amended complaint adequately alleges defendant's personal participation in the alleged violation of plaintiff's rights. Construing the amended complaint in a light most favorable to plaintiff, the court finds that plaintiff has stated a plausible claim under § 1983. See Ingrassia v. Schafer, 825 F.3d 891 (8th Cir. 2016).

Conclusion

For the above-stated reasons, defendant's motion to dismiss (Doc. No. 22) shall be denied. The court shall also deny as moot plaintiff's motion for order to show cause. Doc. No. 24. The court further directs that, the screening process under 28 U.S.C. § 1915A having been completed, this matter be returned to the Clerk of the Court for random reassignment for all further proceedings pursuant to D. Kan. R. 40.1.

**IT IS SO ORDERED.**

Dated this 16th day of July, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge