# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROGER ORAL SMITH,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 5:19-CV-03107-JAR-TJJ** |
| **LESLIE INGALLS,** | |
| **Defendant.** | |

## ORDER OF DISMISSAL

This matter is the second of three cases Plaintiff Roger Oral Smith filed *pro se* in this district alleging constitutional claims against personnel employed at correctional facilities at which he was or is currently incarcerated.  In this case, Plaintiff alleges that the food served at the El Dorado/Butler County Correctional Facility was unfit to eat and did not meet his dietary and medical needs.[1]

On November 20, 2020, Defendant Leslie Ingalls filed a motion to dismiss this case without prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and (7), arguing that Plaintiff has failed to join necessary and indispensable parties and has impermissibly split his cause of action.[2] Alternatively, Defendant requested that this action be stayed pending the completion of Plaintiff's first-filed case.  Plaintiff failed to respond to Defendant's motion to dismiss by the deadline, which was December 11, 2020 pursuant to D. Kan. Rule 6.1(d)(2).  On January 7, 2021, Defendant filed a reply asking that her motion to dismiss be granted as unopposed.[3]

---

[1] Plaintiff's other cases are No. 19-3085-EFM-KGG, which also pertains to the El Dorado/Butler County Correctional Facility, and No. 20-3179-SAC, which appears to pertain to the Lansing Correctional Facility.

[2] Doc. 38.

[3] Doc. 39.

The Court did not immediately rule on Defendant's motion to dismiss or stay because there had been a change in the underlying circumstances on which her motion was based. Specifically, the parties to Plaintiff's first-filed action stipulated to the dismissal of all claims with prejudice on December 4, 2020.[4]  Because this case is the earlier-filed of Plaintiff's two remaining cases, the Court ordered Defendant to show cause in writing why her motion to dismiss should not be denied without prejudice as moot.[5]  Defendant responded on January 29, 2021, again requesting that this case be dismissed on the basis that Plaintiff has impermissibly split his cause of action.[6]

On February 24, 2021, the Court issued a Show Cause Order to Plaintiff, noting that Defendant's motion to dismiss had been pending for three months with no response and ordering Plaintiff to show cause in writing, on or before March 24, 2021, why Defendant's motion should not be granted as unopposed.[7]  The Court also ordered Plaintiff to file any response to Defendant's motion by March 24, 2021.  The Court cautioned Plaintiff that if he failed to respond to the show cause order, or to file a response to Defendant's motion as directed, the Court would grant Defendant's motion as unopposed and dismiss this case without prejudice.

On March 8, 2021, Plaintiff filed a "Response to Show Cause Order" in which he repeats and expands upon the allegations in his Complaint.[8]  Nowhere does Plaintiff explain why Defendant's motion to dismiss should not be granted as unopposed or even mention that motion, nor did he file a separate response to the motion.

---

[4] Case No. 19-3085-EFM-KGG, Docs. 36, 37.

[5] Doc. 40 at 2.

[6] Doc. 47 at 2.

[7] Doc. 48.

[8] Doc. 51.

D. Kan. Rule 7.4(b) provides that a party or attorney who does not timely file a response brief waives the right to later file such a brief and that the court will decide such motions as unopposed and usually grant them without further notice.  In this case, the Court gave Plaintiff an additional opportunity to respond and cautioned him that he must respond to Defendant's motion or face the dismissal of his action.  Because Plaintiff proceeds *pro se*, the Court must construe his pleadings liberally and apply a less stringent standard than that which applies to attorneys.[9]  However, the Court may not act as Plaintiff's advocate,[10] and *pro se* litigants are not excused from complying with the rules of the court and are subject to the consequences of noncompliance.[11]  The Court expresses no opinion on the merit of Defendant's arguments for dismissal, but because Plaintiff failed to respond to Defendant's motion, this case is dismissed without prejudice.

**IT IS THEREFORE ORDERED THAT** Defendant Leslie Ingalls' Motion to Dismiss (Doc. 38) is **granted**, and this case is **dismissed without prejudice**.

**IT IS SO ORDERED.**

Dated: March 25, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[9] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citation omitted).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 110 (10th Cir. 1991).

[11] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).